# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21552076**
**Date Processed: 05/28/2020**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Dr. Richard Gross, DMD vs. One Day Roofing, LLC; Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Dr. Richard Gross, MD vs. One Day Roofing, LLC; Liberty Mutual Insurance Company (10039415) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Chester County Court of Common Pleas, PA |
| **Case/Reference No:** | 2020-01198-CT |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 05/27/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | Liberty Mutual on 05/26/2020 |
| **How Served:** | Client Direct |
| Sender Information: | Mark Thomas Sophocles<br>610-651-0105 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Mark Thomas Sophocles LLC
21 INDUSTRIAL BLVD STE 201
PAOLI PA 19301-1610

**USPS CERTIFIED MAIL**



9414 8108 9876 5060 0952 15

Liberty Mutual Insurance
175 BERKELEY ST
BOSTON MA 02116-5066

US POSTAGE AND FEES PAID
**FIRST-CLASS**
May 22 2020
Mailed from ZIP 19301
3 oz First-Class Mail Flats Rate



071S00777793

**RECEIVED**

MAY 26 2020

**BOSTON OFFICE 0001**

**Mark Thomas Sophocles, LLC**
Attorney at Law
21 Industrial Boulevard
Suite 201
Paoli, Pennsylvania 19301
(610) 651-0105
Fax: (610) 651-0106
mark@marksophocles.com

---

**Sent via Certified Mail RRR**

May 20, 2020

One Day Roofing
1290 Bay dale Drive, Suite 320
Arnold, MD 21012

**Re: Dr. Richard Gross, DMD v. One Day Roofing, et al.
Chester County CCP, No. 2020-01198-CT**

To Whom It May Concern:

    Enclosed, please find the Civil Action Complaint entered against you in the Chester County Court of Common Pleas. This office is pursuing claims sustained by our client, Dr. Richard Gross, DMD.

    Kindly refer this letter and the Civil Action Complaint immediately to your insurance carrier for prompt consideration and further attention with the request they contact this office directly.

    This personal service constitutes Civil Service of the Civil Action Complaint under Pennsylvania Law.

Regards,

Mark T. Sophocles, Esquire
MTS/klw

Enclosures as stated
Cc:    Homefix Custom Remodeling, Corp. (via CMRRR)
        Greensky, LLC (via CMRRR)
        Liberty Mutual Insurance Company (via CMRRR)
        Aspen American Insurance Company (via CMRRR)

MARK THOMAS SOPHOCLES, LLC
By: Mark Thomas Sophocles, Esquire
Attorney I.D. # 74998
21 Industrial Boulevard, Suite 201
Paoli, PA 19301
Tel. (610) 651-0105
Fax (610) 651-0106

FREEMANN LAW OFFICES
A PROFESSIONAL CORPORATION
By: Scott Bennett Freemann, Esquire
Attorney I.D. # 82030
3101 W. Glenwood Avenue, Suite G103
Philadelphia, PA 19121
Tel. (215) 564-7400
Fax (215) 564-7406

ATTORNEYS FOR PLAINTIFF

Filed and Attest by
PROTHONOTARY
19 May 2020 12:4 PM
S Peery

JURY TRIAL DEMANDED

## IN THE COURT OF COMMON PLEAS OF
## CHESTER COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

| | |
|---|---|
| DR. RICHARD GROSS, DMD, <br> RICHARD G. GROSS, DMD, LLC and <br> N.K.B.M., LLC, <br>   Plaintiffs, <br> <br> v. <br> <br> ONE DAY ROOFING, LLC, <br> HOMEFIX REMODELING CORP., <br> GREENSKY LLC, <br> LIBERTY MUTUAL INSURANCE COMPANY <br> And <br> ASPEN AMERICAN INSURANCE COMPANY, <br>   Defendants. | Docket No. 2020-01198-CT |

## CIVIL ACTION COMPLAINT
## THE PARTIES

1.  Plaintiff, Dr. Richard Gross, D.M.D. ("Dr. Gross"), an individual citizen of the Commonwealth of Pennsylvania, is a dentist who at all times relevant herein operated his

professional dental practice via the business operations of co-Plaintiff Richard G. Gross, DMD, LLC ("Gross dental practice").

2. Plaintiff Gross dental practice, a Pennsylvania limited liability company, is a business offering dental services and has a business located at 601 Gordon Drive, Exton, PA 19341 in the Commonwealth of Pennsylvania, Chester County ("The Property").

3. Dr. Gross is the sole member of the Gross Dental practice and at all times relevant herein managed the dental practice out of the suite on 601 Gordon Drive in Exton, PA.

4. The subject building ("Gross Building") that houses the Gross dental practice is owned by Plaintiff N.K.B.M., LLC ("NKBM"), a Pennsylvania limited liability company and at all times relevant herein remained the titled owner of the Subject office space in Chester County at all relevant and salient times herein

5. Dr. Gross is the sole member of NKBM, LLC

6. Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), is an insurance company that provides comprehensive general insurance coverage for The Gross Dental practice and NKBM under policy #BZS567181604, with a policy period of July 31, 2018 through July 31, 2019. a true and correct copy of the Liberty Mutual policy is attached hereto and made part of this Complaint as Exhibit "A" ("Liberty Mutual Policy").

7. Defendant Aspen American Insurance Company ("Aspen") is an insurance company that provides comprehensive general insurance coverage for Dr. Gross under policy ##DO23604-12, with a policy period of July 1, 2019 through October 1, 2019, a true and correct copy of the Aspen Insurance policy is attached hereto and made part of the Complaint as Exhibit "B" ("Aspen Policy").

8. At all times relevant herein, Plaintiffs took all reasonable actions under the circumstances to fully investigate, address and to mitigate the damages (as more fully set forth below as if incorporated herein) reasonably under the circumstances.

9. Defendant One Day Roofing, LLC ("One Day"), a limited liability company with a business address at 1290 Bay Dale Dr # 320, Arnold, MD 21012 is a building remediation company who at all times relevant herein performed specific repair and remedial work at the Property as set forth more fully below.

10. Defendant Homefix Custom Remodeling Corp. ("Homefix"), a corporation with a business address located at 1506 Joh Avenue Suite 188, Baltimore, MD, 21227-1083, is a building remediation company who at all times relevant herein performed repair and remedial work at the Property.

11. Defendant Greensky LLC ("Greensky"), a limited liability company with a business address of 1797 Northeast Expressway, NE Suite 100, Atlanta, GA 30329-2451, specializes in certain consumer credit plans extended by participating lenders to borrowers for the purchase of goods and/or services from participating merchants/providers and more specifically who provided financing, selected, hired and in fact directed the remedial roof work.

## FACTUAL BACKGROUND

12. Dr. Gross has operated the Gross dental practice since 2015 at the property.

13. In connection with the dental services provided by the Gross dental practice, the Gross dental practice and NKBM obtained the following commercial insurance coverages from Liberty Mutual for (a) the business personal property of the Gross dental practice, (b) business interruption for the Gross dental practice and (c) the Gross building.

14. The Liberty Mutual policy provides for coverage for water damage and business interruption losses.

15. The Aspen Insurance policy provides for insurance coverage of water damage and business interruption losses at the Subject Property for Plaintiff(s) as policyholders.

16. In or about April 2019, Dr. Gross discovered that water was leaking from the roof of the Gross building into his otherwise pristine, dental office.

17. One Day, through Matt Rozanski, who upon information and belief is the owner of One Day promised to fix the roof, stop the leak and guaranteed that the roof would not leak for a period of fifteen years.

18. In connection therewith, and based on Mr. Rozanski's representations, Dr. Gross signed a contract with One Day to fix the leaky roof for the sum of $9,500 on or about April 29, 2019.

19. The One Day agreement for the salient services performed herein is attached as Exhibit "C".

20. In connection with that roofing job, One Day and Mr. Rozanski urged Dr. Gross to finance the cost of the roofing work through Greensky.

21. Thereafter, on or about May 7, 2019 Dr. Gross and Greensky entered into a financing agreement for the payment of roof work at the subject property.

22. Unfortunately, One Day, by its flawed and negligent action at all times relevant herein, failed to properly repair the roof, and proximately and directly caused additional property damage to the Property.

23. Despite repeated requests to correct and remediate the proximately caused water and related property damage by Plaintiffs, One Day failed to correct its flawed work directly and proximately resulting in additional damages to the Property.

24. After Dr. Gross repeatedly complained about One Day's negligent work to Greensky, Greensky without any notice or input from Gross or the representatives of Gross unilaterally hired and directed Homefix to subsequently remediate and fix the leaky roof, and upon information and belief, they were told to properly and fully stop the on-going active water infiltration.

25. In connection therewith, Homefix told Dr. Gross that it would repair the roof within one day of work and thereafter guarantee the workmanship for a period of fifteen years.

26. On July 9, 2019, Homefix started to repair the roof of the Gross building by removing layers of roofing.

27. However, despite its prior promise, Homefix failed to complete the roof repair by July 9, 2019.

28. Despite the fact that significant rain was forecasted to take place on July 11, 2019, Homefix did not make any reasonable efforts to properly or sufficiently mitigate the obvious impending water from the forecasted rain.

29. Instead, Homefix, acting on their own volition and at the direction of Greensky applied tarps to the roof and guaranteed that the tarps would secure the Property when in fact these measures patently failed.

30. Thereafter, the occurrence of the weather events subsequently caused the tarps to fail, which proximately caused additional water damage and economic losses to Plaintiffs, who at all times salient herein, took every reasonable measure to mitigate damages.

## COUNT I
## BREACH OF CONTRACT

31. Plaintiffs supplement and incorporate by reference as if fully set forth herein at length all prior averments and paragraphs.

32. Exhibits A and B are insurance policies that form the basis of a contract. The purpose of this contractual relationship was to provide coverage for, inter alia, water loss and property and business interruption damages for Plaintiff from Defendants.

33. Liberty Mutual and Aspen, despite repeated requests and demands for payment of the Property damages owed to Plaintiffs as a consequence of the loss information submitted to the insurers, Liberty Mutual and Aspen refuse to pay for the covered losses.

34. The Plaintiff(s) are contracted policyholder(s) to the insurance contracts as set forth more fully herein.

35. As set forth fully by the above paragraphs and averments, which are all incorporated by reference and fully adopted herein, Liberty Mutual and Aspen have breached the relevant duty of good faith and fair dealing with respect to their conduct towards Plaintiffs.

36. Plaintiffs have been deprived of monetary gains which were earned but not paid by Liberty Mutual and Aspen, and equity as a direct and proximate result of gross misconduct of One Day, Greensky and Homefix done without consent or authority of Plaintiffs.

37. The economic losses sustained by Plaintiffs were proximately caused by the improper acts of Liberty Mutual and Aspen, individually or through its agents, servants, workers and/or employees, which consist of, but are not limited to, the following:

a) misrepresenting the investigation and causes of loss for activities involved with and done in furtherance of the parties Agreement; and

b) failing to properly identify correspondence and subsequent dealings/contractual relations that emanated from the efforts of Plaintiff and Defendants; and

c) failing to properly and truthfully deal in good faith in regard to the aforesaid agreement and in misappropriating said sums belonging to Plaintiff; and

d) failing to properly follow the rules, regulations and standards concerning their agreement; and failing to follow the standards of good faith and fair dealing; and

e) failing to use a reasonable degree of care to ensure that the actions by Defendants were in the Plaintiff's best interest; and,

f) disregarding the rights and clearly stated agreement of the Plaintiffs and their work, benefits and monetary sums due for work done as between them and Defendants.

38. As a direct and proximate result of the aforesaid acts of Defendants, its agents, servants, workers and/or employees, Plaintiffs sustained economic losses, monetary damages as well as significant damage as a result of Defendants misconduct.

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants Liberty Mutual and Aspen, jointly and severally, in the amount in excess of $50,000.00 plus interest, court costs, attorney fees and such other relief as may be fair and equitable

## COUNT II
## NEGLIGENCE

39. Plaintiffs incorporate as if fully set forth herein all other paragraphs.

40. Plaintiffs as claimants in these negligence claims must establish the presence of the following:

    a. a legal duty or obligation;

    b. a breach of that duty;

    c. a causal link between that breach and the injury alleged;

d. and actual damage or loss suffered by the claimant as a consequence of thereof.

See Davis v. Wright, 156 A.3d 1261, 1271 (Pa.Super. 2017) (citation omitted).

41. Plaintiffs as consumers for the specialized roof repair services are owed a duty of ordinary care to ensure that the roof repair work was performed reasonable and safe without defects.

42. One Day and Homefix breached these duties collectively by failing to properly complete roof repair and secure the roof work from normal expected weather conditions.

43. Greensky assumed a duty of care to select, hire, manage and oversee Homefix as the hired contractor to remediate and address active water intrusion.

44. This misconduct is a breach of these duties and directly and proximately resulted in water damage and related property damage losses to Plaintiffs.

WHEREFORE, Plaintiff, Dr. Gross, respectfully requests that the Court enter judgment in his favor and against Defendants One Day, Homefix and Greensky as follows:

(a) Awarding Dr. Gross compensatory and punitive damages against Defendants One Day, Homefix and Greensky, together with interest, costs and fees; and

(b) Granting such other and further relief as this Court deems just and proper.

## COUNT III
## FOR BAD FAITH INSURANCE PRACTICES
## AGAINST LIBERTY MUTUAL

45. Plaintiffs incorporate as if fully set forth herein all other paragraphs.

46. The actions of Liberty Mutual of which the Gross dental practice and NKBT complain are actions arising under an insurance policy between them and Liberty Mutual.

47. The actions of Liberty Mutual with regard to such policy are governed by Pennsylvania's bad faith statute, 42 Pa. C.S.A. §8371.

48. On information and belief, Liberty Mutual acted in bad faith in violation of 42 Pa. C.S.A. §8371. Specifically, the actions of Liberty Mutual which constitute bad faith include the following:

 (a) Denying the claims for insurance coverage without a proper basis to support the denial;

 (b) Denying the claims for insurance coverage even though the evidence upon which Liberty Mutual relied supported coverage under the Liberty Mutual insurance policy;

 (c) Denying the claims for insurance coverage based upon erroneous information and interpretations, and improperly refusing to review and reverse the denial after being advised of its errors;

 (d) Placing Liberty Mutual's financial interests above the interests of Gross dental practice and NKBT;

 (e) Interpreting the insurance policy in a way that renders the language inconsistent or meaningless;

 (f) Acting with regard to the Gross practice and NKBT in an arbitrary and capricious manner; and

 (g) Willful and wanton disregard of the overwhelming evidence presented by right to coverage under the insurance policy.

49. As a result of Mutual Liberty's bad faith, Dr. Gross has suffered and continues to suffer severe stress and economic hardship entitling him to compensatory damages, punitive damages, interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs, the Gross dental practice and NKBT, respectfully request that the Court enter judgment in their favor and against Liberty Mutual as follows:

  (a) Declaring that the Gross dental practice and NKBT are entitled to insurance coverage;

  (b) Ordering Liberty Mutual to make a full accounting of all coverages due to the Gross dental practice and NKBT under the Liberty Mutual policy;

  (c) Ordering Liberty Mutual to pay all past benefits due to the Gross dental practice and under the Liberty Mutual policy;

  (d) Ordering Liberty Mutual to timely pay all future benefits due to the Gross dental practice and NKBT under the Liberty Mutual insurance policy when benefits become due and payable;

  (e) Ordering Liberty Mutual to pay pre-judgment interest on all benefits due and owing to the Gross dental practice and NKBT;

  (f) Ordering Liberty Mutual to pay post-judgment interest on all benefits due and owing to the Gross dental practice and NKBT;

  (g) Ordering Liberty Mutual to pay the attorney's fees and costs incurred by the Gross dental practice and NKBT in this matter;

  (h) Issuing an injunction prohibiting Liberty Mutual from future breaches of its duties under the Liberty Mutual policy;

  (i) Awarding the Gross dental practice and NKBT compensatory and punitive damages against Liberty Mutual under the Pennsylvania bad faith statute, together with interest, costs and attorney's fees; and

  (j) Granting such other and further relief as this Court deems just and proper.

## COUNT IV
## CLAIM UNDER PENNSYLVANIA LAW
## FOR BAD FAITH INSURANCE PRACTICES AGAINST ASPEN

50. Plaintiffs incorporate as if fully set forth herein all other paragraphs.

51. The actions of Aspen of which Dr. Gross complains are actions arising under an insurance policy between Plaintiff and Aspen as a binding contract.

52. The actions of Aspen with regard to such policy are governed by Pennsylvania's bad faith statute, 42 Pa. C.S.A. §8371.

53. On information and belief, Aspen acted in bad faith in violation of 42 Pa. C.S.A. §8371. Specifically, the actions of Aspen which constitute bad faith include the following:

(a) Denying the claims for insurance coverage without a proper basis to support the denial;

(b) Denying the claims for insurance coverage even though the evidence upon which Aspen relied supported coverage under the Aspen insurance policy;

(c) Denying the claims for insurance coverage based upon erroneous information and interpretations, and improperly refusing to review and reverse the denial after being advised of its errors;

(d) Placing Aspen's financial interests above the interests of Dr. Gross;

(e) Interpreting the insurance policy in a way that renders the language inconsistent or meaningless;

(f) Acting with regard to Dr. Gross in an arbitrary and capricious manner; and

(g) Willful and wanton disregard of the overwhelming evidence presented by right to coverage under the Aspen insurance policy.

54. As a result of Aspen's bad faith, Dr. Gross has suffered and continues to suffer severe stress and economic hardship entitling him to compensatory damages, punitive damages, interest, attorneys' fees and costs.

WHEREFORE, Plaintiff, Dr. Gross, respectfully requests that the Court enter judgment in his favor and against Aspen as follows:

(a) Declaring that Dr. Gross is entitled to coverage under the Aspen policy;

(b) Ordering Aspen to make a full accounting of all coverages due to Dr. Gross under the terms and conditions of the bound Aspen policy;

(c) Ordering Aspen to pay all past benefits due to Dr. Gross under the Aspen policy;

(d) Ordering Aspen to timely pay all future benefits due to Dr. Gross under the Aspen policy when benefits become due and payable;

(e) Ordering Aspen to pay pre-judgment interest on all benefits due and owing to Dr. Gross;

(f) Ordering Aspen to pay post-judgment interest on all benefits due and owing to Dr. Gross;

(g) Ordering Aspen to pay the attorney's fees and costs incurred by Dr. Gross in this matter;

(h) Issuing an injunction prohibiting Aspen from future breaches of its duties under the Aspen policy;

(i) Awarding Dr. Gross compensatory and punitive damages against Aspen under the Pennsylvania bad faith statute, together with interest, costs and attorney's fees; and

(j) Granting such other and further relief as this Court deems just and proper.

MARK THOMAS SOPHOCLES, LLC

By: Mark Thomas Sophocles, Esquire
Attorney for Plaintiffs

## VERIFICATION

Plaintiff, Richard D. Gross, deposes and states that he is the undersigned in the within action, and as such is authorized to make this Verification on his own behalf; that *Plaintiffs Civil Action Complaint* are in accordance with the representations mlade by Plaintiffs and that the same are true and correct to the best of our knowledge, information and belief; and that this Verification is given pursuant to the penalties of 18 Pa C.S.A. section 4904 relating to unsworn falsification to authorities.

DR. RICHARD GROSS, DMD

## CERTIFICATE OF SERVICE

*Filed and attested by P PROTHONOTARY 19 May 2020 12:4 PM*

I, Mark T. Sophocles, Esquire, hereby certify that the foregoing Civil Action Complaint was served on the following defendants this 20th day of May 2020 via Certified Mail RRR as follows:

One Day Roofing
1290 Bay Dale Drive
Suite 320
Arnold, MD 21012

Homefix Custom Remodeling Corp
1506 Joh Avenue,
Suite 188
Baltimore, MD, 21227-1083

Greensky, LLC
1797 Northeast Expy NE
Ste 100
Atlanta, GA 30329-2451

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116

Aspen American Insurance Company
175 Capital Boulevard
# 300
Rocky Hill, CT 06067.

Mark T. Sophocles, Esquire